**In the Matter of Todd E. WALLSMITH, Respondent.**

No. 75S00–1004–DI–187.

Supreme Court of Indiana.

Aug. 19, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2003, Respondent was retained by two brothers, Client A and Client B, to contest their father's will, which left them nothing. The personal representative of the estate ("PR") requested the clients' consent to sell certain estate property. Client A refused to sign a consent but Client B did. Respondent signed an agreed order representing that both clients consented to the sale. He also reviewed the PR's petition to sell the property before it was filed, which incorrectly represented that all interested parties had consented. The court approved the sale.

In 2006, Respondent advised Client A to settle the case. Client A, however, wished to proceed with litigation. Neither party terminated the representation. Respondent took no further material action in the case and did not communicate with Client A until November 2009, at which time he and Client A attended a show cause hearing against the PR in the case. Respondent had not informed Client A of the hearing; rather, they just happened to meet in the hallway and attended together.

In July 2010, Respondent contacted the Indiana Judges and Lawyers Assistance Program ("JLAP") and soon began treat-

ment for previously undiagnosed major depression, from which he was suffering at the time of his misconduct. He is making progress in treatment and his prognosis is good.

The parties cite no facts in aggravation. Facts in mitigation are: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful; and (4) at the time of his misconduct, Respondent was suffering from depression for which he is now responding well to treatment.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

- 1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.
- 1.3: Failure to act with reasonable diligence and promptness.
- 1.7(a): Representing a client when the representation is directly adverse to another client.
- 3.3(a)(1): Knowingly making a false statement of fact to a tribunal and failing to correct a false statement of material fact previously made to the tribunal by the lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning September 30, 2011, with 45 days actively served and the remainder stayed subject to completion of 24 months of probation.**

The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall complete of 24 months of probation with mental health treatment and JLAP monitoring.

(2) If Respondent violates his probation, the stay of the remainder of his suspension may be vacated and he may be required to actively serve the suspension with or without automatic reinstatement.

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.